UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL BERTRAM,            )
                            )
            Petitioner,     )
                            )
v.                          )   Cause No. 3:17-CV-434-JD-MGG
                            )
SUPERINTENDENT,             )
                            )
            Respondent.     )

OPINION AND ORDER

Michael Bertram, a prisoner without a lawyer, filed a habeas corpus petition challenging the prison disciplinary hearing (MCF 17-01-590) at the Miami Correctional Facility where a Disciplinary Hearing Officer (DHO) found him guilty of use of a controlled substance in violation of Indiana Department of Correction (IDOC) policy B-202 on February 7, 2017. ECF 1 at 1. As a result of the hearing he was sanctioned with the loss of 90 days earned credit time and was demoted from Credit Class 1 to Credit Class 2. *Id.*

Throughout his petition, Bertram argues that he is entitled to habeas corpus relief because IDOC failed to follow its own policies. However, violating a prison rule is not a basis for habeas corpus relief, because "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Nevertheless, the court will analyze Bertram's claims to determine whether he identifies any violation of his federal rights.

In Ground One and Ground Three, Bertram argues that IDOC did not have "cause" to test him for Buprenorphine and Suboxone and thus his due process rights were violated. However, "prison officials are not required to have probable cause to conduct a drug test on an inmate…."

*Guillen v. Finnan*, 246 F. App'x 394, 395 (7th Cir. 2007). Thus, Bertram is not entitled to habeas relief based on his argument that he was subjected to the test without cause.

In Ground Two, Bertram argues that he was coerced into signing a form admitting his guilt. ECF 1 at 2. Bertram claims that the reporting officer told him that if he did not plead guilty he would be required to pay for an additional drug test. *Id.* Bertram argues that this choice pressured him to confess. *Id.* Ground Two does not identify any due process violation. Pursuant to IDOC policy, if the initial test results from a drug screening are positive, the prisoner is notified of the results, and notified that he has the opportunity to have those test results sent to a laboratory for additional testing. IDOC Manual of Policies and Procedures, No. 01-02-107, Sec. XII. http://www.in.gov/idoc/files/01-02-107__AP_Offender_Urinalysis_10-1-2012.pdf. He is also informed that if the test results from the laboratory are also positive, he will not only be charged with a disciplinary offense, but will also be required to pay restitution in the amount of the cost of the confirmation drug test. *Id.* If the confirmation test is negative, the prisoner will not be charged for the cost of the test. *Id.* On the other hand, the prisoner may elect to plead guilty and avoid incurring the cost of the additional testing. *Id.* Thus, under the IDOC system, a prisoner who suspects he would not pass the confirmation test may elect to avoid incurring the restitution charge and plead guilty, whereas a prisoner who believes that his test will be negative may insist on additional testing without fear of restitution. Bertram was notified of these options and elected to plead guilty. This choice did not amount to coercion and did not violate his federal rights.

Finally, Bertram argues that there was not sufficient evidence to find him guilty. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an

examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

An inmate violates IDOC B-202 by "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the Unites States Code or possession of drug paraphernalia." Adult Disciplinary Process, Appendix I: Offenses. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The Conduct Report charged Bertram as follows:

> [o]n 1/30/17 at approximately 10:43 P.M. I, Sgt. J. Thompson, was working in phase 2 visitation conducting urinalysis test. At this time Offender Bertram, Michael DOC# 165502 submitted his sample and his sample tested a preliminary positive for Buprenorphine. I then explained to Offender Bertram the options he had. After hearing the options Offender Bertram decided to sign an admission of guilt to using/possessing controlled substance.

ECF 1-1 at 1. Buprenorphine is a controlled substance under Indiana law. Ind. Code § 35-48-2-8 (West).

In this case, the DHO had sufficient evidence to find Bertram guilty. A Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. The Conduct Report provides evidence that Bertram was provided with a drug

3

test and tested positive for a controlled substance in violation of IDOC policy. This is sufficient evidence to satisfy Bertram's due process right to "some evidence." Thus, the DHO's determination that Bertram was guilty was not arbitrary or unreasonable, and Bertram is not entitled to habeas corpus relief based on the sufficiency of the evidence.

If Bertram wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit C*ourt, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the habeas corpus petition is **DENIED**. The clerk is **DIRECTED** to enter judgment and close this case. Michael Bertram is **DENIED** leave to proceed in forma pauperis on appeal.

SO ORDERED.

ENTERED: July 7, 2017

/s/ JON E. DEGUILIO
Judge
United States District Judge